**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KELLETT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:08CV322MLM |
| ) | |
| WOFFORD BROTHERS SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Before the court is the Motion for a Creditor's Bill and to Pierce the Corporate Veil filed by Plaintiffs. Doc. 28. Pace Mechanical, Inc., ("Pace Mechanical") has filed a Response. Doc. 37. Plaintiffs filed a Reply. Doc. 38.

**BACKGROUND**

On October 23, 2008, this court entered a Consent Judgment against Defendant Wofford Brothers Services, Inc., ("Defendant") in the amount of $64,374, for delinquent contributions, liquidated damages, interest, attorneys' fees, and costs owed to Plaintiffs under collective bargaining agreements and under the terms of ERISA, 29 U.S.C. § 1132. Doc. 11. Pursuant to the Consent Judgment, Defendant was to make monthly payments, commencing September 2008 through March 2012. The Consent Judgment further provided that if Defendant failed to submit payments, the entire judgment would become immediately due.

Defendant was a Missouri corporation which performed plumbing services. John and Margaret Pace were the owners of Defendant. Doc. 29-5, Evans Aff., ¶ 1. Defendant entered into a contract with Plumbers and Pipefitters Local No. 562, (the "Union") in 2005. Defendant went out

of business in mid-2009.

On March 6, 2009, John and Margaret Pace organized Pace Mechanical. Evans Aff., ¶ 3. This new entity was formed at the recommendation of the Internal Revenue Service ("IRS") as part of the resolution reached regarding IRS liabilities. Doc. 37-3, Pace Aff., ¶ 3. Both Defendant and Pace Mechanical perform plumbing services and all of Pace Mechanical's employees are members of the Union and previously worked for Defendant. Evans Aff., ¶¶ 6-7. Pace Mechanical owns tools that were formerly owned by Defendant and these tools are being used by Pace Mechanical without rental or lease payments. Pace Aff., ¶ 14. Pace Mechanical operates out of the same address and uses the same bank as Defendant. Pace Mechanical has completed at least one job started by Defendant and has performed other work for some of Defendant's former customers.[1] Evans Aff., ¶¶ 8-9; Pace Aff., ¶ 4. Pace Mechanical made contributions and payments on the consent judgment against Defendant until at least January 2010. Additionally, Pace Mechanical registered the fictitious name "Wofford Bros. Plumbing" with the State of Missouri and checks by which Pace Mechanical made payments on the consent judgment reflect that payments were made by "Wofford Bros. Plumbing." Docs. 37-2 and 37-5.

Defendant has defaulted on payments due pursuant to the Consent Judgment, causing the entire Consent Judgment to become due. Plaintiffs have not been able to collect all of the amount specified in the Consent Judgment and have no meaningful leads to collect the Judgment against Defendant. Plaintiffs, therefore, seek to pierce the corporate veil and obtain a creditor's bill in equity

---

[1] Plaintiffs' attorney stated in an affidavit that Pace Mechanical has performed work for many of Defendant's customers. In response to this statement, John Pace stated in an affidavit that Pace Mechanical completed only one job of Defendant's. Pace Mechanical does not deny that it otherwise performed work for Defendant's customers.

to enable them to recover the Judgment against Defendant from Pace Mechanical.

## LEGAL FRAMEWORK and DISCUSSION

"[A]s a general rule, [under Missouri law] two separate corporations are to be regarded as distinct legal entities, even if the stock of one is owned partly or wholly by the other." Mid-Missouri Tel. Co. v. Alma Tel. Co., 18 S.W.3d 578 582 (Mo. Ct. App. 2000) (quoting Mitchell v. K.C. Stadium Concessions, Inc., 865 S.W.2d 779, 784 (Mo. Ct. App. 1993)). "[T]he doctrine of corporate entity" is "ignored with caution, and only when circumstances clearly justify it." Id. In Mobius Mgmt Sys., Inc. v. West Physician Search, LLC, 175 S.W.3d 186, 188-89 (Mo. Ct. App. 2005), the court set forth Missouri law applicable to piercing the corporate veil to enable a plaintiff to collect a judgment. The court in Mobius held:

> In order to "pierce the corporate veil," the plaintiff must first show *control*-not mere majority or stock control, but complete domination, not only of finances, but of policy and business practice with respect to the transaction, such that the corporate entity had no separate mind, will or existence of its own. [66, Inc. v. Crestwood Commons Redevelopment Corp., 998 S.W.2d 32, 40 (Mo.1999) (en banc)]. In other words, the plaintiff must show that the corporation is the *alter ego* of the defendant. Id. at 41. *When a corporation is so dominated by a person as to be a mere instrument of that person, and indistinct from the person controlling it, the court will disregard the corporate form if its retention would result in injustice*. Saidawi v. Giovanni's Little Place, Inc., 987 S.W.2d 501, 504-05 (Mo. App. E.D.1999).
>
> ...
>
> Second, the plaintiff must show a breach of duty-that this control was used by the corporation to commit fraud or wrong, *to perpetrate the violation of* a statutory or other *positive legal duty*, or to commit a dishonest and unjust act in contravention of the plaintiff's legal rights. 66, Inc., 998 S.W.2d at 40. It is not necessary, however, to show actual fraud. Id. at 41. In some situations, the corporate veil may be pierced when a corporation is undercapitalized, or when its *assets are stripped to avoid creditors*. Id.; Sunbelt Envtl. Services, Inc. v. Rieder's Jiffy Mkt., Inc., 138 S.W.3d

3

> 130, 135 (Mo. App. S.D. 2004). ...
>
> ...
>
> Finally, the plaintiff must show that the control and breach of duty *proximately caused* the injury or unjust *loss*. Id. at 40.

Mobius, 175 S.W.3d at 188-89 (emphasis added). See also Radaszewski by Radaszewski v. Telecom Corp., 981 F.2d 306, 306 (8th Cir. 1992)

The Missouri Supreme Court in 66, Inc., 998 S.W.2d at 40, found that the three elements required to pierce the corporate veil were present: control, breach of the duty, and proximate cause. See Mobius, 175 S.W.2d at 189. In particular, the court in 66, Inc., 998 S.W.2d at 40, found that the pierced corporation was used to avoid the defendant's debts; that the plaintiff was unable to collect on a judgment against the defendant; that the defendant used its control over the pierced corporation to avoid satisfying its obligations to the plaintiff; that the defendant's conduct evidenced a wrongful purpose; and that, therefore, the corporate veil should be pierced. See also Greater Kansas City Laborers Pension Fund v. Superior Gen. Contractors, Inc., 104 F.3d 1050, 155 (8th Cir. 1997) (applying the same standard as Mobius, 175 S.W.2d at 189, and holding that under ERISA a business entity is the alter ego of another business entity if the two entities exist independently in form only, and those separate forms are used to, among other things, mislead or discourage pursuit of a legal action).

A federal court "'has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law.'" H.H. Robertson Co. v. V.S. DiCarlo Gen., 994 F.2d 476, 477 (8th Cir. 1993) (quoting United States ex rel. Goldman v. Meredith, 596 F.2d 1353, 1357 (8th Cir. 1979)). Missouri law recognizes the availability of the creditor's bill

in equity. Id. (citing Shockley v. Harry Sander Realty Co., 771 S.W.2d 922, 925 (Mo. Ct. App.1989)). "[T]he creditor's bill enables a judgment creditor to 'trace the value of the goods and services rendered to an empty-shell corporation to the parties behind such a corporation who have received and benefitted from the property or services.'" Id. (quoting Shockley, 771 S.W.2d at 925). Creditor's bill garnishees need not be named as parties in the original action. Id. at 478 (citing Shockley, 771 S.W.2d at 925). Indeed, the empty-shell corporation must have received sufficient notice of the enforcement of the judgment through the creditor's bill in equity. Id. Notice is sufficient where the shell corporation is named as a garnishee under the creditor's bill and is served with a garnishee's summons. Id.

Pace Mechanical argues, in opposition to the pending Motion, that Pace Mechanical was not formed with a fraudulent intent as evidenced by Pace Mechanical's making payments on the consent judgment against Defendant and as evidenced by its being formed at the suggestion of the IRS. Actual fraud, however, need not exist to pierce the corporate veil as the new corporation need only to have been created to avoid a legal duty or obligation. See Mobius, 175 S.W.3d at 188. Further, actual fraud need not be established where assets are stripped to avoid creditors. See id. Indeed, Pace Mechanical acknowledges that it is using tools owned by Defendant without payment.

Pace Mechanical's argument regarding its making payments, in fact, supports Plaintiffs' position that Pace Mechanical is the alter ego of Defendant. Additionally, any defense arising from union conduct is inapplicable to benefit funds. See, e.g., Centr. Pennsylvania Teamsters Pension Fund v. McCormick Dray Line, Inc., 85 F.3d 1098, 1103 (3rd Cir. 1996) (holding that mutual mistake defense is inapplicable to an ERISA fund). Also, to the extent that Pace Mechanical was formed for a "real and legitimate business purpose" at the recommendation of the IRS, such an argument is not

5

relevant to determinations, among other things, of whether Pace Mechanical was used to avoid Defendant's debts; whether Plaintiffs' were unable to collect on the judgment against Defendant; whether Defendant used its control over Pace Mechanical to avoid satisfying its obligations pursuant to the consent judgment; whether Plaintiffs were harmed as result of the demise of Defendant and the formation of Pace Mechanical by John and Margaret Pace; and whether Pace Mechanical is the alter ego of Defendant.

Significantly, in the matter under consideration, Pace Mechanical was formed prior to Defendant's satisfying its debt to Plaintiffs; Plaintiffs have suffered an injury because the judgment against Defendant has not been paid in full; this injury was proximately caused by Defendant's conduct; Defendant ostensibly has used its control over Pace Mechanical to avoid satisfying the remainder of its obligations to Plaintiffs; and Defendant and Pace Mechanical's conduct have evidenced a wrongful purpose. Moreover, Defendant's conduct reflects that it has attempted to strip itself of assets to avoid paying Plaintiffs. By receiving tools from Defendant, by using the fictitious name "Wofford Bros. Plumbing," and by operating at the same address, using the same bank, performing work for some of the same customers, completing at least one job started by Defendant, and using the same employees as Defendant, Pace Mechanical has demonstrated that it is the alter ego of Defendant. See Mobius, 175 S.W.2d at 188-89; 66, Inc., 998 S.W.2d at 40. As such, the court finds that the corporate veil should be pierced to enable Plaintiffs to collect the judgment against Defendant from Pace Mechanical. See Mobius, 175 S.W.2d at 188-89; 66, Inc., 998 S.W.2d at 40.

Not only have Plaintiffs provided Pace Mechanical with notice of the pending motion but Pace Mechanical has responded. See id. See also Shockley v. Hary Sander Realty Co., Inc., 771 S.W.2d 922 (Mo. Ct. App. 1989). A judgment has been obtained and garnishment and execution

were sought against Defendant, the debtor, to no avail. Further, the numerous similarities between Defendant and Pace Mechanical establish that Defendant has used Pace Mechanical to avoid payment of Defendant's debts. See H.H. Robertson, 994 F.2d at 477. The court finds, therefore, that Plaintiffs' Motion for a Creditor's Bill and to Pierce the Corporate Veil should be granted.

## CONCLUSION

For the reasons more fully stated above, the court finds that Pace Mechanical is the alter ego of Defendant; that the corporate veil should be pierced to enable Plaintiffs to collect the consent judgment against Defendant from Pace Mechanical; and that Plaintiffs are entitled to a creditor's bill in equity to satisfy the judgment against Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Creditor's Bill and to Pierce the Corporate Veil filed by Plaintiffs is **GRANTED**; Doc. 28

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of July, 2010.